Mary Susan **ELKINS**, Appellant,

v.

Albert C. **ELKINS**, Appellee.

Court of Appeals of Kentucky.

June 22, 1962.

Rehearing Denied Sept. 21, 1962.

 

Weldon Shouse, Shouse & Barker, Lexington, for appellant.

Lasserre Bradley, James M. Todd, Lexington, for appellee.

PALMORE, Judge.

Mary Susan Elkins appeals from an order of the Bourbon Circuit Court overruling her motion to require her former husband, Albert Elkins, to contribute to the support of their two youngest daughters, aged 15 and 7 years, respectively, who are in her custody.

Mary Susan and Albert were divorced in 1957 by a judgment of the Bourbon Circuit Court incorporating a contract in which they settled their differences with respect to property, alimony, and the custody and maintenance of their children. Mary Susan received custody of Alberta Gayle and Suza Lee, the two daughters herein mentioned, and was given title to a 23-acre farm in Bourbon County, together with the household effects, an automobile, and all the personal property on the farm, subject to certain mortgages which she assumed. She released to Albert whatever interest she had in some property he owned in Wolfe County, and he retained an automobile.

The contract further provided as follows:

"The said Mary Susan Elkins is to receive the foregoing in lieu of alimony for herself and maintenance for the children hereinafter referred to, and releases any and all claims which she may have in her own right and on behalf of her children arising out of the said marital relationship."

After having sought unsuccessfully in 1959 to obtain an order from the Bourbon Circuit Court re-opening the case on the question of maintenance for the children, Mary Susan instituted this proceeding by filing another motion and affidavit in the circuit court in December of 1961. Albert responded by counter-affidavit, and after hearing respective counsel the court again declined to grant relief.

■ The order from which this appeal is taken neither contains findings of fact nor discloses the basis on which the trial court's decision was made. This is unfortunate, for a losing party ought not to be deprived of a proper review by the court's failure to record its specific rulings of law and fact. By its failure to conform with CR 52.01 a record that leaves us in the dark in this respect inevitably conduces to a substitution of our own judgment for that of the trial court.

■ The responsibility of a father to support his infant children "cannot be diminished by contract. * * * And this matter of maintenance continues within the jurisdiction and control of the court, subject to modification as circumstances and conditions may demand, for there can be no final judgment as to infant children." Pegram v. Pegram, 1949, 310 Ky. 86, 219 S.W.2d 772.

It appears from the affidavits in the record that Mary Susan sold the Bourbon County farm and invested the proceeds in an apartment house in Lexington, from which she receives gross monthly rentals of $185. She earns $169.25 per month as a clerk. Out of this total income of $354.25 she has $148.53 left after paying installments of principal and interest on a $14,000 debt and all other expenses but food and clothing for herself and the girls. This, of course, is not enough, and Mary Susan asks that Albert pay $100 per month for each of the two children.

Albert's affidavit says that Mary Susan recently received a $3,000 judgment on some sort of a claim arising out of a property transaction. Whether she got all or any of the money we do not know. She does, however, have an equity in the apartment building. Albert says his own take-home pay is "less than $400" per month.

■ When a wife receives property under a contract by which she agrees to relieve the husband of his obligation to support a child or children, and the income she is able to earn from the property is insufficient for that purpose, then at least as between her and the divorced father she is the one primarily liable for the support of the children, and perhaps the contract obliges her to exhaust the principal before looking to him. But the immediate welfare of the children comes first, and regardless of whatever equitable adjustments between the parents the trial court may see fit to direct in order to preserve the integrity of the contract, the father should be required to contribute such additional funds as are necessary in order to provide for them.

■ In this instance the need of the children was obvious, and the trial court erred in leaving the situation as he found it. We are remanding the case with directions for a rehearing on the motion and entry of a new order supported by specific findings of fact on the evidence. If the trial court in its discretion determines that some reasonable portion of whatever maintenance payments are required of Albert should become a charge accruing in his favor against Mary Susan's equity in the apartment property, there is no reason why it may not be so provided and secured of record by suitable document.

The cause is reversed for further proceedings consistent with this opinion.

WILLIAMS, J., not sitting.