**Ben WILFORD, Jr., Appellant,**

v.

**Electa WILFORD, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

868

Henry Jack Wilson, Mayfield, for appellant.

Harry H. Boaz, Mayfield, for appellee.

PALMORE, Judge.

Appellant's principal contention, that because the 1956 order reducing child support payments to $30.00 per month was based on a contract between the parties it cannot be reopened on the ground of changed conditions, is not well taken. The responsibility of a father to support his minor children "cannot be diminished by contract * * * And this matter of maintenance continues within the jurisdiction and control of the court, subject to modification as circumstances and conditions may demand, for there can be no final judgment as to infant children." Pegram v. Pegram, 310 Ky. 86, 219 S.W.2d 772 (1949); Elkins v. Elkins, Ky., 359 S.W.2d 620 (1962).

Both Elkins v. Elkins, supra, and Wilson v. Wilson, 271 Ky. 631, 112 S.W.2d 980 (1938), involved situations in which, through property settlements, the husband actually had made substantial contributions toward the support of the children *in advance*. In such a case the wife is thereafter in the position of having already received from the father a fund that is to be devoted, at least in part, to the maintenance of the children. To this extent, and this extent only, as between her and the father she is primarily, and he secondarily, responsible for the support of the children. That situation does not exist in the instant case. As a matter of fact, the evidence shows that the original judgment, entered in 1954, also was based on a contract between Mr. and Mrs. Wilford. That judgment fixed the support payments at $65 per month, the same amount that has now been reinstated by the order from which this appeal is taken. If appellant's contention were correct, he would not have been able to secure the reduction to $30 in 1956.

The cases of Boehmer v. Boehmer, 259 Ky. 69, 82 S.W.2d 199 (1935), and Smith v. Smith, 295 Ky. 50, 173 S.W.2d 813 (1943), do not hold that a contract or agreed judgment is a bar to future adjustment of child maintenance payments upon a change in conditions. The Boehmer opinion says that with certain exceptions permanent *alimony* cannot be revised. The Smith case involved the validity, vel non, of a postnuptial contract entered incident to the settlement of certain litigation, including a divorce suit, and no question was presented with respect to child support payments.

Stone v. Stone, Ky., 275 S.W.2d 910 (1955), also cited by appellant, is applicable but on a different point, which is that the chancellor's judgment in this kind of proceeding will not be disturbed unless it is clearly erroneous. We cannot say that the order in this case was in error.

The judgment is affirmed.