Frances Louise RAYMER (now
Chaplin), Appellant,

v.

Leonard Charles RAYMER, Appellee.

No. 87–CA–1146–S.

Court of Appeals of Kentucky.

May 13, 1988.

Rehearing Denied July 8, 1988.

Joseph J. Wantland, Shepherdsville, for appellant.

Leonard Charles Raymer, pro se.

Before HAYES, LESTER and McDONALD, JJ.

McDONALD, Judge:

This action was commenced by the appellant, Frances Louise Raymer, in October, 1986, in the Bullitt Circuit Court, to collect child support arrearages owed by the appellee Leonard Charles Raymer, and expenses allegedly owed by Leonard which were incurred as a result of the death of a child of the parties.

The parties were divorced in Missouri in January, 1974. Frances was awarded custody of the parties' two children, Michele, then five years old, and Christopher, then two years old; Leonard was ordered to pay child support to Frances in the sum of $20 per week for each child, for a total of $40 weekly. This decree has not been modified since its entry in 1974. Frances maintained records of the support paid by Leonard during the first year after the dissolution. He paid a total of 39 weeks that year. After that his payments were so sporadic that she admittedly did not keep a record of amounts she received. Leonard had little, if any, contact with the children until 1983. Some visitation then commenced. According to Frances, support payments were never voluntarily forthcoming even then. Only when she "got into a really bad pinch" would she ask him to contribute, and if he did it was never more than $20 or $40. In 1984, Christopher went to live with his father who then resided in Kentucky.

Michele continued to reside with Frances who since 1978 had lived in Paoli, Indiana.

On February 11, 1985, Michele was killed in an automobile accident. While living with his father, Christopher began using drugs and eventually spent 53 days in Our Lady of Peace hospital.[1] Christopher returned to his mother's home after his hospitalization in June, 1986.

Frances commenced this action because Leonard refused to honor his promise to pay half the expenses incurred in burying their daughter.[2] Frances testified that the only funeral home in Paoli agreed to bury Michele for its cost involved. She submitted with her complaint a copy of the bill, totaling $3932.11, which indicated a balance due of $1,966 after a payment in the same amount had been made by Frances. She testified that "some" of her payment consisted of funds donated by friends and neighbors of her family in Paoli. Leonard admitted that he agreed to pay half the bill but asserted he was to get the benefit of half the donations. Since Frances offered no proof of the exact amount of the donations, the trial court, apparently believing Leonard's version of the agreement, ruled that it couldn't "determine the amount, if any," Leonard should pay.

Frances also sought $15,080 in child support arrearages. Because she had not kept records over the years, and because Christopher had lived with his father for a two-year period, Frances gave Leonard "credit" for approximately $10,000 of the support due under the decree. Thus, although she couldn't testify with certainty what amount he owed exactly, she was certain he owed "at least" the amount asked for in her complaint.

Leonard's defense to the arrearage issue was threefold. First, he testified that he "paid as regularly as possible with the income and jobs" that he had. Alternatively, he asserted that Frances had frequently

told him not to pay support. Finally, he argued that any sums due would be offset by the $20,000 paid for Christopher's hospitalization by his present wife's insurer.[3] The trial court awarded Frances only $840, representing $20 per week from the time Christopher returned to her home in 1986 until the date of the hearing in April, 1987. He refused to award her any other arrearages, concluding that "[w]hen the parties fail to keep any records ... the Court is unable to determine support arrearage based upon pure conjecture." In her appeal Frances argues the trial court erred as a matter of law in holding her responsible to show the amount of support Leonard had not paid. We agree.

We believe Frances sufficiently proved that Leonard owed her at least $15,080 in child support arrearages and the court could have awarded her that sum without resorting to speculation. Even had she not, the burden of proving what Leonard owed under the Missouri decree belonged clearly to Leonard. Once Frances introduced the Missouri decree into evidence, the validity of which was not put in issue, Leonard had the burden of proving it had been satisfied. *Stewart v. Raikes*, Ky., 627 S.W.2d 586 (1982), laid to rest the inscrutable rule that one was required to reduce child support payments to a lump sum or common law judgment prior to enforcement. The Supreme Court said, at page 589: "[E]ach installment of child support becomes a lump sum judgment, unchangeable by the trial court when it becomes due and is unpaid." To resolve the issue presented, our reasoning is as follows: Satisfaction and payment are both affirmative defenses under our Civil Rule 8.03. CR 43.01 provides "(1) The party holding the affirmative of an issue must produce the evidence to prove it." The latter rule would embrace those defenses designated as "affirmative defenses" under

---

1. The health insurance carrier for Leonard's current wife paid for most of the expense incurred in this hospital stay.

2. There were no insurance proceeds or other funds received from the accident to help defray this cost.

3. Leonard actually filed a counterclaim against Frances for the $20,000 medical services paid for by his wife's insurer.

CR 8.03. *See* W. Bertelsman and K. Philipps, 7 *Kentucky Practice*, CR 43.01 (4th Ed. 1981). *See also* 47 Am.Jur.2d *Judgment* § 970, at 75 (2nd Ed. 1969), which states, "The plaintiff in an action on a judgment does not bear the burden of proving that the judgment has not been satisfied...." Thus the trial court erred in denying Frances's claim as a matter of law. Had Leonard offered proof sufficient to meet his burden of proof, the court would have been faced with a factual determination of the balance due, if any. *See Williams v. West,* Ky., 258 S.W.2d 468 (1953). However, reversing the instant case for such a factual determination is not appropriate as Leonard's testimony is totally devoid of substantial evidence on the issue of payments made under the decree.

Leonard admitted making no support payments from 1984 to the hearing in 1987. The following testimony illustrates the substance of his proof for the remaining years:

Q2 Is it fair to say that the period between '79 and '83, that you paid no support?

A No.

Q3 How much support did you pay?

A Like I say, I don't have the evidence of the cancelled checks, but I paid as regularly as possible with the income and jobs.

Q4 How much did you pay?

A What I was required or whatever I had.

Q5 Well, I'm asking you, you were required Forty Dollars a week, that's Two Thousand and Eighty Dollars a year; I want to know how much you paid?

A I don't have the record of exactly how much it was.

Q6 How about from the year '74 through '79, what did you pay?

A I don't know; I can't say.

Q7 Your wife has given you credit for approximately Ten Thousand Dollars on your child support. Given credit for what time your son lived with you, Four Thousand Dollars, do you have evidence to show that you paid Six Thousand Dollars?

A I could add up the cancelled checks I have.

Q8 Would it equal Six Thousand Dollars?

A I have no idea, I haven't added them up.[4]

We submit Leonard's vague and evasive testimony is inadequate as a matter of law to support a finding in his favor. Therefore, on remand, the trial court is directed to enter judgment for Frances in the amount of $15,080. In so holding we also conclude there to be no evidence sufficient for the trial court to find there to have been an oral agreement to modify child support as required by *Whicker v. Whicker,* Ky.App., 711 S.W.2d 857 (1986), and that the gratuitous medical payments made by Mrs. Raymer's insurer cannot operate as a credit on the child support obligation. *See Williams v. West, supra; Guthrie v. Guthrie,* Ky., 429 S.W.2d 32 (1968).

Finally, on the issue of Leonard's responsibility to pay a portion of Michele's funeral expenses, we believe the trial court clearly abused its discretion in failing to order him to pay anything. As stated earlier, Leonard admitted to entering into an agreement with Frances to pay half the bill. The evidence was merely conflicting on the issue of how his share was to be computed. Even if the court believed Leonard's testimony, he would be liable for at least half the remaining balance of $1,966, or $983. Therefore, on remand the trial court is further directed to enter judgment in favor of Frances on this claim.

The judgment of the Bullitt Circuit Court is reversed and remanded with directions to enter judgment for the appellant consistent with this opinion.

Further, pursuant to 2.(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure

---

4. No documentary evidence, such as receipts or the canceled checks Leonard referred to, was ever produced or offered into evidence at the trial.

for further appellate steps is reinstated effective the date of this opinion.

LESTER, J., concurs.

HAYES, J., concurs in part and dissents in part.

HAYES, Judge, concurring in part and dissenting in part:

The findings of fact by the trial judge, specifically No. 10 and No. 11, state that the respondent stipulates that he is in arrears from October, 1986. That same finding adds that petitioner claims to have received no payment since June, 1986. The trial court concludes that from July 1, 1986 the arrearage amounted to 41 weeks at the ordered rate of $20.00 per week or $820.00 (originally erroneously stated as $2,050.00). There is no basis for finding the trial court's findings to be clearly erroneous even though the result may be harsh and unfair.

Even though affirmative defenses may require the defendant to produce evidence or suffer defeat, I believe one who files a complaint must prove the allegation in the complaint to the satisfaction of the trier of fact. That apparently was not done here, and I simply cannot determine the trial court to be clearly erroneous.

There was sufficient evidence in this record to indicate, however, that a funeral bill was incurred for the daughter in the total amount of $3,922.11; that appellant had paid one-half of the bill; that appellee agreed to pay one-half and had not done so. It was clearly erroneous for the trial court not to have awarded appellant judgment for the balance due on the daughter's funeral bill. The trial court should be reversed on this account, and otherwise affirmed.