**Charlene SALLEE (Now Lovell), Appellant**

**v.**

**Larry R. SALLEE, Appellee**

**NO. 2013–CA–001270–ME**

Court of Appeals of Kentucky.

RENDERED: JUNE 5, 2015; 10:00 A.M.

Rehearing Denied July 21, 2015

Brief for Appellant: Rebecca Lynn, Warren White Plains, Kentucky

Brief for Appellee: Jonathan S. King, Central City, Kentucky

*OPINION*

TAYLOR, JUDGE:

Charlene Sallee (now Lovell) brings this appeal from a June 19, 2013, order of the Muhlenberg Circuit Court denying her motion to hold Larry R. Sallee in contempt for failure to pay child support. We vacate and remand.

Lovell and Sallee were married December 28, 1991; three children were born of the parties' marriage. The marriage was dissolved by decree of dissolution entered in the Muhlenberg Circuit Court on October 19, 2004. The decree incorporated a property settlement agreement that addressed issues of child support and custody. Pursuant to the decree, the parties

were awarded joint custody of their three children, and Lovell was named the primary residential custodian. Sallee was ordered to pay child support as follows:

> [Sallee] is currently unemployed and receiving unemployment benefits and he shall pay to [Lovell] the sum of Four Hundred Sixty Dollars and 53/100 ($460.53) per month or One Hundred Six Dollars and 28/100 ($106.28) per week, towards the support of the parties' children. Upon [Sallee] returning to his employment and receiving his first full paycheck, then and in such event [Sallee's] support obligation shall automatically be increased to Eight Hundred Twenty-three Dollars and 68/100 ($823.68) per month or One Hundred Ninety Dollars and 08/100 ($190.08) per week towards the support of the parties' children. Upon [Sallee's] subsequent employment and assuming he will receive unemployment benefits, his child support obligation shall automatically become Four Hundred Sixty Dollars and 53/100 ($460.53) per month, to continue until [Sallee's] reemployment and obtaining his first full paycheck.

> In other words, the parties desire to agree upon [Sallee's] support obligation in the event of his unemployment and subsequent return to employment and therefore [Sallee's] obligations shall be as above specified, pending further orders.

Separation Agreement at 2–3.

On March 8, 2013, Lovell filed a motion seeking to have Sallee held in contempt for his failure to pay child support as ordered per the decree. The motion was verified under oath by Lovell and reflected a total arrearage of $35,742.56 as of the date of the filing of the motion. The verified arrearage per year was as follows:

| | |
|---|---|
| 2007 - | $ 6,312.16 |
| 2008 - | 4,981.60 |
| 2009 - | 4,601.44 |
| 2010 - | 4,221.28 |
| 2011 - | 5,741.92 |
| 2012 – 13 | 9,884.16 |
| | $35,742.56 |

A show cause hearing was conducted on Lovell's motion, and by order entered June 19, 2013, the motion for contempt was denied. The circuit court failed to make any specific finding in the order other than to state that the motion was denied. This appeal follows.

■ Lovell contends that the circuit court erred by denying her motion for contempt and by concluding that she failed to prove Sallee owed a child support arrearage. Lovell specifically asserts that the circuit court erroneously placed the burden of proving the child support arrearage upon her, the obligee, rather than upon Sallee, the obligor.

■ It is well-established that "each installment of child support becomes a lump sum judgment, unchangeable by the trial court when it becomes due and is unpaid." *Raymer v. Raymer*, 752 S.W.2d 313, 314 (Ky.App.1988) (*quoting Stewart v. Raikes*, 627 S.W.2d 586, 589 (Ky.1982)). In *Raymer*, this Court held that satisfaction and payment of child support are both affirmative defenses under Kentucky Rules of Civil Procedure (CR) 8.03, and pointed out that "[t]he party holding the affirmative of an issue must produce the evidence to prove it." *Raymer*, 752

S.W.2d at 314 (quoting CR 43.01). In *Gibson v. Gibson*, 211 S.W.3d 601 (Ky.App. 2006), this Court addressed this exact issue as follows:

> Once the validity of an order setting child support is established, the noncustodial parent bears the burden of proving that he satisfied the obligation and owes no arrearage. It is clearly discretionary with the court to award interest on a child support arrearage; if there are factors making it inequitable to require payment of interest it may be denied. . . .

*Id.* at 611 (footnotes omitted).

Thus, once the child support obligee establishes the validity of a decree or order setting child support, the obligor parent carries the burden of proof "that he satisfied the [child support] obligation and owes no arrearage." *Id.* at 611. In other words, Sallee, not Lovell, had the burden of proof at the evidentiary hearing on this matter to establish that he had paid his child support obligation to Lovell under the terms set out in the decree of dissolution.

In the case *sub judice*, the record in this case clearly established that a valid order of child support was incorporated into the divorce decree entered October 19, 2004. The decree ordered Sallee to pay child support of $190.08 per week when employed and $106.28 per week when unemployed, and receiving unemployment benefits. At the evidentiary hearing upon the contempt motion, the circuit court stated

"[i]t is [Lovell's] burden to prove to the court that arrearages are owed and to prove to the court the specific amount of arrearages that are owed." Lovell's Brief at 5, citing the video record of the evidentiary hearing.[1] The court further acknowledged at the hearing on three occasions that based on the testimony presented, the trial court believed Sallee was in arrears and owed Lovell some amount of child support. However, the circuit court denied the motion for contempt.

We believe the circuit court erred as a matter of law by placing the burden of proof upon Lovell, the obligee, to prove that a child support arrearage was owed, thus warranting remand for another evidentiary hearing. Lovell established that a valid order of child support existed, submitted a verified statement of arrearages and sought payment of the arrearage owed.[2] Consistent with established case law, Sallee bore the burden of proving that he satisfied his child support obligation and owed no arrearage. We also note that a trial court in Kentucky has no authority to forgive a child support arrearage. *Lichtenstein v. Barbanel*, 322 S.W.3d 27, 33 (Ky.2010).

Finally, upon remand, we remind the circuit court that upon conducting an evidentiary hearing on a post-decree child support dispute, the family court is required to comply with CR 52.01. CR 52.01 requires that a court acting without a jury must make specific findings of fact. CR 52.01 provides, in relevant part:

---

1. The video recording of the evidentiary hearing confirms that the court stated on two occasions that Charlene Sallee (now Lovell) carried the burden of proof to establish the arrearage.

2. At the evidentiary hearing, Lovell had prepared a revised summary calculating the child support arrearage owed by Larry R. Sallee. The trial court would not allow the summary to be placed into evidence. During the hearing, Lovell's trial counsel did not attempt to have Lovell verify the arrearage set out in the summary under oath. Had the burden of proof been on Lovell or had Sallee presented evidence in support of his burden to establish payment of his child support obligation, this would have been a fatal error by Lovell in proving her case.

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment; . . . . Requests for findings are not necessary for purposes of review except as provided in Rule 52.04. Findings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses . . . .

In applying CR 52.01, the former Kentucky Court of Appeals, the predecessor to the Kentucky Supreme Court, addressed this issue in *Elkins v. Elkins*, 359 S.W.2d 620 (Ky.1962), after the adoption of CR 52.01. In *Elkins*, a woman attempted to modify a child support agreement that had been entered into with the father of the children in conjunction with the divorce. The circuit court denied the mother's motion to modify the child support agreement. In reversing the circuit court by applying CR 52.01, Judge Palmore made the following eloquent observation regarding the necessity of findings of fact in post-decree child support proceedings:

> The order from which this appeal is taken neither contains findings of fact nor discloses the basis on which the trial court's decision was made. This is unfortunate, for a losing party ought not to be deprived of a proper review by the court's failure to record its specific rulings of law and fact. By its failure to conform with CR 52.01 a record that leaves us in the dark in this respect inevitably conduces to a substitution of our own judgment for that of the trial court.

*Elkins*, 359 S.W.2d at 622; *see also Reichle v. Reichle*, 719 S.W.2d 442 (Ky. 1986).

Where evidentiary proceedings are conducted in post-decree matters, the purpose of the mandatory findings of fact under CR 52.01 is to provide a clear record of the basis of the trial court's decision thereby allowing a reviewing court to easily understand the trial court's view of the controversy. *Reichle*, 719 S.W.2d 442. Simply put, a "judge must make findings of fact and not address the matter in a perfunctory manner[.]" *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky.2011). The failure of the trial court to make any findings of fact is violative of CR 52.01 and may be raised on appeal even without requesting additional findings per CR 52.04. *Id.; see also Brown v. Shelton*, 156 S.W.3d 319 (Ky. App.2004). Contrary to Sallee's lack of preservation argument, this Court may review errors of law in proceedings like this under CR 61.02 to preclude manifest injustice.

Therefore, we vacate and remand for the circuit court to conduct another hearing upon Lovell's motion for contempt consistent with this Opinion. In the event the court concludes arrearages are owed, the court shall also address the issues of post-judgment interest and attorney's fees at that time.

For the foregoing reasons, the order of the Muhlenberg Circuit Court is vacated and this case is remanded for proceedings consistent with this opinion.

ALL CONCUR.