RENDERED: SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0457-MR

DAVID E. GODFREY                                                      APPELLANT

v.
APPEAL FROM GREENUP CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 19-CI-00535

JANET K. MADDIX[1]                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  David E. Godfrey (Godfrey), *pro se*, brings this appeal from a

February 26, 2020, Order of the Greenup Circuit Court, Family Court Division,

granting Janet K. Maddix's (Maddix) petition to modify custody of the parties'

minor children.  We affirm.

---

[1] In the Notice of Appeal, David E. Godfrey identifies appellee as Janet K. Maddox.  This is a misspelling of appellee's last name, Maddix.  We have followed the spelling as set out in the petition and order on appeal.

## BACKGROUND

Maddix and Godfrey were married in September of 2004 and are the parents of two minor children. The parties were divorced by decree entered by the Court of Common Pleas in Miami County, Ohio, on July 26, 2012. The court granted primary residential and legal custody of the two children to Godfrey. Shortly thereafter, Maddix moved to Greenup County, Kentucky, in 2013.

In 2018, Godfrey and the children moved from Ohio to Jefferson County, Kentucky. The children lived with Godfrey until approximately August of 2018, when by agreement of the parties, the children began residing with Maddix at her home in Greenup County. Godfrey alleges that the parties agreed at that time that the children would live with Maddix for one year, and then move back in with Godfrey in Jefferson County.

Maddix filed a petition to modify custody of both children on December 18, 2019, more than a year after the children began residing with her. The family court conducted a hearing on February 18, 2020. Maddix was represented by counsel and Godfrey appeared *pro se*. The family court entered an order modifying child custody on February 26, 2020, granting Maddix primary physical custody and the parties joint legal custody of the children. This appeal followed.

## STANDARD OF REVIEW

The issues presented on appeal look to modification of the original divorce decree entered by the Ohio court. The Kentucky Supreme Court has held that such modification motions filed post-decree necessitate evidentiary hearings which occurred in this case. *Anderson v. Johnson*, 350 S.W.3d 453, 456-57 (Ky. 2011). And, any ruling after a hearing on a motion to modify custody must include findings of fact and conclusions of law. *Id.* and Kentucky Rules of Civil Procedure (CR) 52.01. The family court's order in this appeal includes findings and conclusions.

Accordingly, our initial standard of review is governed by CR 52.01 which provides that the circuit court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." This Court will not disturb those findings unless they are clearly erroneous. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003); and CR 52.01. And, "findings of fact are clearly erroneous only if they are manifestly against the weight of the evidence" presented. *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008). Thereafter, a family court's rulings on post-decree motions may be reversed only for an abuse of discretion. *Hempel v. Hempel*, 380 S.W.3d 549, 551 (Ky. App. 2012). To summarize our review, if the findings of fact by the family court are supported by substantial

evidence and the correct law is applied, the ruling of the family court will only be reversed for an abuse of discretion. *See Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008).

## ANALYSIS

Godfrey's first argument on appeal is that the family court did not have jurisdiction to hear this matter under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJA), set forth in Kentucky Revised Statutes (KRS) 403.800, *et seq*. Godfrey argues that the family court could not act on this matter unless the Court of Common Pleas in Miami County, Ohio, first determined that it no longer had exclusive, continuing jurisdiction under KRS 403.826(1). This argument ignores the plain language of KRS 403.826(2) and is without merit.[2]

KRS 403.826 addresses jurisdiction to modify out-of-state custody determinations and reads as follows:

> Except as otherwise provided in KRS 403.828, a court of this state shall not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under KRS 403.822(1)(a) or (b) and:
>
> (1) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under

---

[2] David E. Godfrey has not set forth in his brief a "statement with reference to the record" showing that this issue was preserved for appellate review as required by Kentucky Rules of Civil Procedure 76.12(4)(c)(v). Nor does Godfrey provide any references to the record to support any argument for judicial error. Regardless, we have reviewed the issues raised on the merits in this appeal.

> KRS 403.824 or that a court of this state would be a more convenient forum under KRS 403.834; *or*
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

(Emphasis added.)

The requirements of KRS 403.826(2) are met in this case as neither the parties nor their minor children resided in Ohio at the time the motion was filed in 2019 and when it was heard in February of 2020. In fact, the parties and the children had resided in Kentucky for more than a year. KRS 403.826(1) is thus not relevant to this case.

Additionally, to modify another state's custody determination, the family court must have jurisdiction to make an initial custody determination under either KRS 403.822(1)(a) or (b). KRS 403.822(1)(a) allows a Kentucky court to make an initial custody determination if Kentucky is the child's "home state." A "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding." KRS 403.800(7). As noted, the children had been living in Kentucky for well over a year when the petition to modify custody was filed. Accordingly, the family court had jurisdiction under the UCCJA.

Godfrey's next argument is that the family court erred by refusing to grant him a continuance of the February 18, 2020, evidentiary hearing. We disagree based on both procedural and substantive grounds.

On January 15, 2020, the family court entered an order setting the matter for final hearing on February 18, 2020. The order also states, "A continuance of said hearing shall not be granted without proper motion before the Court." On January 27, 2020, Godfrey faxed a signed letter to the family court. It read, "My name is David Godfrey and I am writing you today to request a continuance so I may be able to retain legal council [sic]." The letter is not styled as a motion, it does not provide notice of a hearing date, and does not contain a certification or affidavit indicating it was served on Maddix's counsel as required by CR 5.01 and CR 5.03.

Furthermore, the video record of the hearing is devoid of any discussion of a continuance. The family court called the case, counsel for Maddix announced his appearance, Godfrey stated he was representing himself, and the family court immediately heard evidence. At no time did Godfrey raise the need for additional time to retain counsel or otherwise object on the record to the family court conducting the hearing.

We review the denial of a motion for a continuance under an abuse of discretion standard. *Morgan v. Commonwealth*, 421 S.W.3d 388, 392 (Ky. 2014).

Even assuming, *arguendo*, a proper motion for a continuance was made and this issue was properly preserved for appellate review, the family court did not abuse its discretion by conducting the hearing. Godfrey had two months from the time the petition was filed and over one month from the date the hearing was scheduled to obtain counsel. He failed to present to the family court any extenuating circumstances or excuse why he had not retained counsel prior to the hearing. And, in this appeal, Godfrey has not presented any legal basis as to why the family court should have granted a continuance nor does he explain why he could not have retained counsel during the period from January 27, 2020, through February 18, 2020, the day of the hearing. Accordingly, we find no abuse of discretion.

Finally, Godfrey argues the family court arbitrarily chose which testimony of the parties to believe in determining the best interest of the children. We note, however, that the testimony of the parties had limited contradictions, and was mostly undisputed.[3] In an evidentiary hearing or bench trial, as set out in CR

---

[3] While Janet K. Maddix testified that the children began living with her in May of 2018, Godfrey testified this occurred in August of 2018. The family court's finding does reflect Godfrey's testimony on this issue as opposed to Maddix's. Godfrey did testify about Maddix's alleged child support arrearage totaling more than $13,000. However, this issue was not before the court nor in dispute at the hearing. We note that each installment of child support owed under a court order becomes a lump sum judgment. *Raymer v. Raymer*, 752 S.W.2d 313, 314 (Ky. App. 1988). Once a child support arrearage is established, the obligor parent carries the burden of proof to establish he has satisfied the obligation. *Sallee v. Sallee*, 468 S.W.3d 356, 358 (Ky. App. 2015). This proceeding has no effect on any pending child support claim and no trial court in Kentucky has the authority to forgive a child support arrearage. *Id.*

52.01, it is the family court's duty to judge the credibility of the witnesses, not this Court on appeal.

Maddix testified the children had become incorporated into her home and were doing well at their respective schools. As of the date of the hearing, they had resided with her for approximately 18 consecutive months. One of the children had special needs which were being met both at home by Maddix and by the school system. Godfrey did not dispute these facts. Based on these factors, the family court found it was in the children's best interest for Maddix to have primary physical custody. There being no error in the findings, which were supported by substantial evidence, we conclude that the family court did not abuse its discretion in its custody ruling. *See Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004).

For the foregoing reasons, the February 26, 2020, order of the Greenup Circuit Court, Family Court Division, is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David E. Godfrey, *Pro Se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

James W. Lyon, Jr.
Greenup, Kentucky