RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1219-MR

DANNY ALLEN SMITH                                                    APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.          HONORABLE CATHERINE R. HOLDERFIELD, JUDGE
ACTION NO. 90-CI-00995

DEBRA LYNN SMITH (NOW PRICE)                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: Danny Allen Smith appeals the judgment of the Warren Family Court entered May 24, 2021, awarding to Debra Lynn Smith (now Price) child support arrearages that accumulated between September 2, 2005, and May 27, 2006, bearing interest at 12%. After our review, we affirm.

The parties were divorced on June 15, 1992, and Danny was ordered to pay $72.34 per week for the support of the parties' only child, a son. The

support order was never modified. The child reached the age of majority in March 2006 and graduated high school in May 2006.

On September 2, 2020, Debra filed a motion to determine an alleged child support arrearage. Relying on the statute of limitations, the family court ordered that Debra would be permitted to collect only those arrearages, if any, that had accumulated between September 2, 2005, through May 27, 2006. Following an evidentiary hearing, the family court found that Danny's payment of child support was inconsistent and that no credible evidence proved that he had paid child support between September 2, 2005, and May 27, 2006. The court found an arrearage totaling $2,748.92. Pursuant to the provisions of KRS[1] 360.040(2), the court determined that the unpaid child support bore interest at 12%, compounded annually. It found no reason why the imposition of interest would be inequitable under the circumstances and awarded an additional $12,297.48 for the benefit of the child. Danny filed a motion to alter, amend, or vacate the court's order, which was denied. This appeal followed.

On appeal, Danny contends that the family court clearly erred by finding that he had failed to satisfy his burden to prove by a preponderance of the evidence that he had paid the entirety of his child support obligation. We disagree.

---

[1] Kentucky Revised Statutes.

Danny does not deny that "each installment of child support becomes a lump sum judgment, unchangeable by the trial court when it becomes due and is unpaid." *Raymer v. Raymer*, 752 S.W.2d 313, 314 (Ky. App. 1988) (quoting *Stewart v. Raikes*, 627 S.W.2d 586, 589 (Ky. 1982)). In *Raymer*, we observed that payment is an affirmative defense pursuant to CR[2] 8.03 and pointed out that "[t]he party holding the affirmative of an issue must produce the evidence to prove it." *Raymer*, 752 S.W.2d at 314 (quoting CR 43.01); *see also Sallee v. Sallee*, 468 S.W.3d 356 (Ky. App. 2015). In *Gibson v. Gibson,* 211 S.W.3d 601 (Ky. App. 2006), we held that where the validity of an order setting child support is established, the obligor-parent bears the burden of proving that he satisfied the obligation and that he owes no arrearage.

Danny had the burden of proof at the evidentiary hearing to establish that he had satisfied his child support obligation under the terms set out in the decree of dissolution. He produced cancelled checks and other evidence to show that he paid his child support obligation through August 2004 and testified that he certainly satisfied the remainder of his obligation -- specifically recalling having written the last child support check when his son was graduating from high school in May 2006.

---

[2] Kentucky Rules of Civil Procedure.

The family court observed the witnesses and heard their testimony. It is axiomatic that a trial court is in a better position than an appellate court to evaluate the evidence. *McCain v. McCarty*, 611 S.W.3d 745 (Ky. App. 2020). From the evidence in the case before us, the family court found that "proof of payments produced by [Danny] were sporadic . . . and did not demonstrate [he] paid his obligation routinely[;] therefore, it cannot be inferred that [Danny] paid his entire child support obligation. . . . [He] produced no evidence of specific payments he made during 2005 and 2006." The court was not persuaded that Danny offered evidence sufficient to meet his burden of proof. In light of the evidence, that decision is not clearly erroneous. Consequently, it must be affirmed.

Next, Danny contends that the family court erred by imposing 12% interest (compounded annually) on the unpaid child support installments. He acknowledges that the provisions of KRS 360.040(2) authorize the family court to impose 12% interest on his unpaid child support obligation. However, he contends that the family court "ignored well-established Kentucky case law that allows for equitable situations in which no interest should be imputed, or in the alternative, at an amount for which less than 12% interest should be considered." Again, we disagree.

In *Guthrie v. Guthrie*, 429 S.W.2d 32, 36 (Ky. 1968), our then highest court held that although interest should be imposed on past due child support, it

may be denied where there are circumstances making it inequitable. It "is clearly discretionary with the court to award interest on a child support arrearage; if there are factors making it inequitable to require payment of interest it may be denied." *Gibson*, 311 S.W.3d at 611. The *Guthrie* Court concluded that where the father paid for the children's expenses rather than his child support obligation, the equities could weigh in favor of relieving him of paying interest on the amount owed. *Guthrie*, 429 S.W.2d at 37. The Supreme Court of Kentucky reaffirmed *Guthrie* in *Young v. Young*, 479 S.W.2d 20 (Ky. 1972), holding that interest on child support payments owed may be denied if there are factors making it inequitable. In *Gibson*, we held that imposition of interest on an unpaid child support obligation is appropriate unless there are factors presented to the family court to make the imposition of interest inequitable.

In support of his contention that interest on his unpaid child support obligation should not be imposed, the only factor that Danny presented to the family court was his dissatisfaction with Debra's delay in seeking to enforce the child support order. However, in *Doyle v. Doyle*, 549 S.W.3d 450 (Ky. 2018), the Supreme Court of Kentucky observed that where a former spouse failed to comply with a court order, criticism of the efforts of his former partner to collect should have no bearing on the imposition of interest that accrued by operation of law. The court observed that the provisions of KRS 360.040 are not designed to be punitive

but are meant to encourage a judgment debtor to comply promptly with the terms of the judgment and to compensate the judgment creditor for the judgment debtor's use of her money. *Id.*

In this case, the family court noted that it was "unaware of any hardship being caused to [Danny] by the imposition of this interest." It concluded that "the lapse of time between when the payments became due and when [Debra] filed her motion is not enough alone to create an inequity." There is nothing in the record to indicate that Danny ever lacked the financial resources to satisfy his child support obligation; that he lacked an understanding of the extent of that obligation; or that he provided any other services to the child. On the other hand, Debra was unfairly deprived of the use of the ordered support for more than fifteen years. The family court's conclusion that the balance of equities did not weigh in Danny's favor was not unreasonable. Consequently, it did not abuse its discretion by imposing interest at the statutory rate. We do not address Danny's reference to the doctrine of laches because equitable relief is not available where a remedy is provided by law; *i.e.*, here, an applicable statutory limitations period governs the action.

We affirm the judgment of the Warren Family Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Kenneth A. Meredith II                   Kate E. Payton
Bowling Green, Kentucky                   Bowling Green, Kentucky