RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0185-MR

CHRISTINA HOLT TAYLOR                                     APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.       HONORABLE CATHERINE R. HOLDERFIELD, JUDGE
ACTION NO. 16-CI-01055

TAD DIRK TAYLOR AND
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                          APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: Christina Holt Taylor ("Christina"), *pro se*, appeals from an order of the Warren Family Court increasing her child support obligation. Because the family court failed to make written findings of fact and conclusions of law, we vacate and remand.

Christina and Tad Dirk Taylor ("Tad") were married in 2000 and had two children together. They divorced in 2019. The decree of dissolution, which incorporated the parties' separation agreement, gave the parties joint custody of the children, with Tad as the primary residential custodian. Christina was ordered to pay $150 monthly in child support per the separation agreement, which the parties acknowledged was a deviation from the child support guidelines.[1] She was also responsible for half the costs of the children's extracurricular activities and maintaining secondary health insurance for the children.

Just four months later, Tad moved to modify child support, claiming Christina had not been paying her half of the expenses under the agreement. Essentially, he argued Christina had breached the agreement which had led to the deviation from the child support guidelines, and therefore modification was necessary and proper. Christina responded there had been no material change in circumstances since the entry of the decree, that she gave up substantial assets in exchange for the reduced child support obligation, and that Tad just wanted a "do over." Although unclear from the record,[2] the family court held at least four

---

[1] Kentucky Revised Statutes ("KRS") 403.212.

[2] Tad's brief notes six hearings on the motion to modify child support, three of these occurring in 2020. For whatever reason, the record on appeal starts in 2021.

hearings on the motion to modify child support, resulting in hours of testimony concerning the parties' income.

A final evidentiary hearing was held on January 24, 2023. Rebecca Gibson, contracted attorney for the Warren County Child Support Office ("WCCSO"), submitted income calculations for the parties. According to their records, Tad's present monthly income was $1,786.07. Christina's current monthly income was either $3,729.81 or $2,080.00, depending on whether based on her third quarter 2022 earnings as reported by the Kentucky Department of Revenue or her pay stubs. Following the hearing, the family court requested the parties submit completed child support worksheets for her consideration.

On February 9, 2023, the family court entered WCCSO's tendered Order Modifying Child Support and attached child support worksheets. Christina was ordered to pay $544.18 per month in child support and $21,793.75 in arrearages. This appeal followed.

"The trial court is vested with broad discretion in the establishment, enforcement, and modification of child support." *Bjelland v. Bjelland*, 408 S.W.3d 86, 87 (Ky. App. 2013). "As long as the family court's discretion comports with the guidelines, or any deviation is adequately justified in writing, this Court will not disturb the trial court's ruling . . . ." *Ciampa v. Ciampa*, 415 S.W.3d 97, 99 (Ky. App. 2013) (citation omitted). "Accordingly, this court reviews child support

matters under an abuse of discretion standard, *i.e.*, whether the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Bjelland*, 408 S.W.3d at 87 (citation omitted).

Christina makes four arguments on appeal: (1) the family court erred in disregarding the parties' separation agreement; (2) there was no substantial and material change in circumstances warranting modification of child support; (3) the family court's findings concerning the parties' income were clearly erroneous; and (4) the family court failed to make findings of fact.

We begin our review with this last argument because it is dispositive. The family court's failure to make findings of fact and conclusions of law in support of its decision to modify child support was error. CR[3] 52.01 provides in relevant part that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment . . . ." A post-decree motion to modify child support is an "action[] tried upon the facts without a jury" as contemplated in CR 52.01. *See Anderson v. Johnson*, 350 S.W.3d 453, 455-57 (Ky. 2011). "As such, family courts must make findings of fact and conclusions of law . . . when hearing modification motions." *Id.* at 456-57.

---

[3] Kentucky Rules of Civil Procedure.

Pursuant to KRS 403.213(1), child support may be modified "only upon a showing of a material change in circumstances that is substantial and continuing." The family court's order contains no findings of fact or legal conclusions, it simply modifies Christina's child support obligation and sets forth her arrearage. This is insufficient under *Anderson* and CR 52.01. *See Anderson*, 350 S.W.3d at 458 ("CR 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a *written* order."). A "conclusory order such as the one entered here, setting forth nothing but the final outcome, is inadequate and will enjoy no presumption of validity on appeal." *Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011).

"Where evidentiary proceedings are conducted in post-decree matters, the purpose of the mandatory findings of fact under CR 52.01 is to provide a clear record of the basis of the trial court's decision thereby allowing a reviewing court to easily understand the trial court's view of the controversy." *Sallee v. Sallee*, 468 S.W.3d 356, 359 (Ky. App. 2015) (citing *Reichle v. Reichle*, 719 S.W.2d 442 (Ky. 1986)). Here, the basis for the family court's decision is unclear. In *Elkins v. Elkins*, 359 S.W.2d 620 (Ky. 1962), Judge Palmore made the following eloquent observation regarding the necessity of findings of fact in post-decree child support proceedings:

> The order from which this appeal is taken neither
> contains findings of fact nor discloses the basis on which

the trial court's decision was made. This is unfortunate, for a losing party ought not to be deprived of a proper review by the court's failure to record its specific rulings of law and fact. By its failure to conform with CR 52.01 a record that leaves us in the dark in this respect inevitably conduces to a substitution of our own judgment for that of the trial court.

*Id.* at 622.

Therefore, we must remand for the family court to make specific findings of fact and conclusions of law in support of its determination to modify child support, and state them separately in a written order or judgment for appropriate review on appeal. Additionally, Tad concedes the family court's arrearage total fails to give Christina credit for past child support payments and should also be corrected on remand.

Wherefore, the Warren Family Court's Order Modifying Child Support is vacated, and this matter is remanded for proceedings consistent with this Opinion.

ALL CONCUR.


BRIEF FOR APPELLANT:

Christina Holt Taylor
Scottsville, Kentucky

BRIEF FOR APPELLEE:

Ashlea Shepherd Porter
Bowling Green, Kentucky