**Bobby VIBBERT, Jr. and Laura Vibbert, Appellants,**

v.

**Bobby VIBBERT, Sr. and Dorothy Vibbert, Appellees.**

No. 2002–CA–002348–MR.

Court of Appeals of Kentucky.

Aug. 27, 2004.

---

34. KRS 532.080(5); 532.060(2)(c),(d); 514.110(3).

Vaughn Wallace, Coffman & Kirwan, Bowling Green, KY, for appellants.

No Brief for appellees.

BEFORE: THE COURT SITTING EN BANC.

TACKETT, Judge.

Bobby Vibbert, Jr., and his wife Laura Vibbert (hereinafter "Parents") appeal from the decision of the Metcalfe Circuit Court awarding visitation to Bobby Vibbert, Sr., ("Grandfather") and his wife Dorothy with the Parents' minor child against the Parents' express wishes. The Parents claim that the circuit court did not follow the established precedent of this Court's decision in *Scott v. Scott*, Ky.App., 80 S.W.3d 447 (2002), in applying Kentucky Revised Statutes (KRS) 405.021.[1]

Specifically, the Parents argue that the circuit court did not require Grandfather to carry the burden of proof by clear and convincing evidence that harm would result to the child from the Parents' limitation of grandparent visitation. Revisiting the precedent in *Scott*, we overrule *Scott*, vacate and remand the matter for reconsideration in light of the new standard announced below.

The Parents refuse to allow Grandfather and his wife to visit their child, allegedly as a result of an altercation that occurred on Christmas Eve, 2001, which resulted in the child's being placed in the temporary custody of Grandfather until January 2, 2002. Grandfather and his wife sought an order requiring visitation from the Metcalfe Circuit Court. The matter came to a hearing on May 29, 2002, before a domestic relations commissioner (DRC). The DRC granted Grandfather's request for visitation, but held that Dorothy, being a step-grandparent, had no visitation rights. Parents filed exceptions and challenged the constitutionality of KRS 405.021 as applied to their case. The Attorney General declined to intervene. The circuit court did not modify the findings of fact, but remanded to the DRC for further proceedings consistent with *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) and *Scott v. Scott, su-*

---

**1.** (1) The Circuit Court may grant reasonable visitation rights to either the paternal or maternal grandparents of a child and issue any necessary orders to enforce the decree if it determines that it is in the best interest of the child to do so. Once a grandparent has been granted visitation rights under this subsection, those rights shall not be adversely affected by the termination of parental rights belonging to the grandparent's son or daughter, who is the father or mother of the child visited by the grandparent, unless the Circuit Court determines that it is in the best interest of the child to do so.

(2) The action shall be brought in Circuit Court in the county in which the child resides.
(3) The Circuit Court may grant noncustodial parental visitation rights to the grandparent of a child if the parent of the child who is the son or daughter of the grandparent is deceased and the grandparent has assumed the financial obligation of child support owed by the deceased parent, unless the court determines that the visitation is not in the best interest of the child. If visitation is not granted, the grandparent shall not be responsible for child support.

*pra.* The DRC tendered findings which stated that

> [t]here was no direct evidence presented at the hearing which showed that a deprivation of this relationship would result in harm to the child. However, the commissioner is of the belief that common sense and experience must be a part of any decision regarding the welfare of children and that common sense dictates that when the child and his grandfather have spent as much time as they have spent together since birth, the evidence is clear and convincing that a sudden termination of contact will be harmful to the child.

The circuit court signed the order, and this appeal followed.

At the outset of our analysis, we must note that the Appellees have filed no brief with this Court. We decline to take this omission as a confession of error, however, and proceed with our review normally.

■ The Parents raise several grounds of appeal. They assert that KRS 405.021(1) is unconstitutional as applied to them. This Court set the standard which must be used when applying that statute in *Scott v. Scott, supra:*

> grandparent visitation may only be granted over the objection of an otherwise fit custodial parent if it is shown by clear and convincing evidence that harm to the child will result from a deprivation of visitation with the grandparent.

*Scott* at 451. The Parents argue that the grandfather must show that the Parents are unfit before the circuit court can award visitation over their objection. The Parents also argue that the DRC and the circuit court failed to require Grandfather to carry his burden, instead relying on "common sense" to decide the critical issue in the case, circumventing the require-

ments of *Scott.* As all these arguments are intertwined, we address them together.

This case was considered by the Court sitting *en banc,* and after careful consideration, we overrule *Scott. Scott* imposed an unworkable standard of proving by clear and convincing evidence that harm to the child would result from discontinuing the relationship between a child and a grandparent. We believe that the *Scott* court incorrectly interpreted the *Troxel* case, *supra,* as requiring such a strict standard, holding that the familiar "best interest" standard was no longer constitutionally permissible. However, the Supreme Court carefully avoided setting any such precedent in *Troxel,* as the plurality opinion of the Court explicitly stated:

> we do not consider ... whether the Due Process Clause requires all nonparental visitation statutes to include a showing of harm or potential harm to the child as a condition precedent to granting visitation.

*Troxel* at 2064. Nevertheless, this Court in *Scott* created a standard which was, at the time, believed to satisfy the requirements of *Troxel.* It is the opinion of this Court now that *Scott* set an unnecessarily strict and unworkable standard.

We believe that a modified "best interest" standard can be used in cases where grandparent visitation is sought within the constitutional framework of *Troxel.* What *Troxel* requires us to recognize is that a fit parent has a superior right, constitutionally, to all others in making decisions regarding the raising of his or her children, including who may and may not visit them. A fit parent's decision must be given deference by the courts, and courts considering the issue must presume that a fit parent's decision is in the child's best interest.

Where we differ from *Scott* is in the method by which grandparents may challenge that decision. *Scott* allows only one

avenue for grandparents to challenge the decision, requiring them to show by clear and convincing evidence that depriving the child of visitation with the grandparent would harm the child. We believe this test to be too narrow, in that among other things it does not adequately take into account a situation where visitation is withheld by the parents out of vindictiveness.

 We now hold that the appropriate test under KRS 405.021 is that the courts must consider a broad array of factors in determining whether the visitation is in the child's best interest, including but not limited to: the nature and stability of the relationship between the child and the grandparent seeking visitation; the amount of time spent together; the potential detriments and benefits to the child from granting visitation; the effect granting visitation would have on the child's relationship with the parents; the physical and emotional health of all the adults involved, parents and grandparents alike; the stability of the child's living and schooling arrangements; the wishes and preferences of the child. The grandparent seeking visitation must prove, by clear and convincing evidence, that the requested visitation is in the best interest of the child. We retain this standard of proof from *Scott*, noting that the Supreme Court has mandated its use when "the individual interests at stake in a state proceeding are both particularly important and more substantial than mere loss of money." *Santosky v. Kramer*, 455 U.S. 745, 756, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (citation omitted). Given that these cases involve the fundamental right of parents to raise their children as they see fit without undue interference from the state, the use of this heightened standard of proof is required.

We vacate the decision of the circuit court and remand the matter for consideration in light of the standard we have announced above.

For the foregoing reasons, the judgment of the Metcalfe Circuit Court is vacated and the matter remanded for further consideration.

COMBS, Chief Judge; and BARBER, BUCKINGHAM, DYCHE, JOHNSON, KNOPF, McANULTY, MINTON, SCHRODER, TAYLOR, and VANMETER, Judges, concur.

GUIDUGLI, Judge, concurs in the result.