I do not agree with the main opinion's analysis of the due-process, constitutional issue discussed therein. Among other things, I particularly do not agree that the Kentucky Court of Appeals, in its decision in Vibbert v. Vibbert, 144 S.W.3d 292
(Ky.Ct.App. 2004), correctly analyzed this issue. My views as to this issue continue to be as expressed in R.S.C. v. J.B.C.,812 So.2d 361 (Ala.Civ.App. 2001), L.B.S. v. L.M.S., 826 So.2d 178
(Ala.Civ.App. 2002) (Murdock, J., concurring in the judgment of reversal only), and subsequent cases. See also, e.g., McQuinn v.McQuinn, 866 So.2d 570, 578 (Ala.Civ.App. 2003) (Murdock, J., dissenting).
Nonetheless, Presiding Judge Crawley correctly notes that the father failed to preserve a constitutional challenge to §30-3-4.1, Ala. Code 1975, and that, therefore, "[t]he discussion in the main opinion of what showing would be required as a matter of due process in order to award grandparental visitation under the amended statute is dictum." 932 So.2d at 922 (Crawley, P.J., concurring in the result). *Page 923 
It is for this reason that I am able to concur in the result reached in the main opinion.