RENDERED: MAY 5, 2016
TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2015-SC-000499-DGE

LARRY MASSIE AND                                                    APPELLANTS
CHRISTINA MASSIE

ON REVIEW FROM COURT OF APPEALS
V.                     CASE NO. 2014-CA-001052-ME
GREENUP CIRCUIT COURT NO. 13-CI-00736

DEBORAH NAVY                                                          APPELLEE

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

## REVERSING AND REINSTATING

The pro se Appellee, Deborah Navy (hereinafter "Deborah"), is the maternal grandmother of Ian.[1] She is a teacher who resides in West Virginia with her husband who is an attorney. Ian currently resides in Greenup County, Kentucky, with the Appellees, Larry Massie and his wife, Christina Massie. Larry Massie is Ian's paternal uncle. Larry's brother Frank, is the biological father of Ian. It is unclear whether the Massies have full custody of Ian. It appears, however, that Ian was removed from his mother shortly after his birth and that neither parent is closely involved in Ian's life.

---

[1]    Pseudonyms are being used to protect the anonymity of the child.

Deborah instituted a grandparent visitation action in Greenup Circuit Court in 2013. The court held an extensive evidentiary hearing that included the testimony of several witnesses, including Deborah (Grandmother), and Larry (Uncle). Ian's parents were named as parties and were served with copies of the visitation petition. Neither parent responded to the petition or appeared at the hearing.

The court subsequently denied Deborah's request for visitation rights and Deborah appealed. A divided Court of Appeals panel reversed the trial court's ruling and remanded on the basis that the court did not consider all of the necessary factors required under Kentucky law. The Court of Appeals also applied a less stringent legal standard because Larry and Christina Massie are not Ian's biological parents. We granted discretionary review. For the reasons stated herein, we reverse the Court of Appeals and reinstate the trial court's order denying Deborah's petition for visitation rights.

## Standard of Review

We apply a clearly erroneous standard when reviewing the trial court's findings of fact. CR 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). We review the trial court's legal conclusions *de novo*. *Nash v. Campbell County Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011).

## Analysis

Two cases are of primary importance here. First is *Walker v. Blair*, 382 S.W.3d 862 (Ky. 2012). In *Walker* we addressed KRS 405.021—Kentucky's

grandparent visitation statute—and the U.S. Supreme Court's seminal decision in *Troxel v. Granville*, 530 U.S. 57 (2000). We summarized *Troxel* as follows:

> [Troxel] addressed the federal constitutional implications of state statutes that allow courts to grant non-parent visitation with children over parental objections. A majority of that Court recognized that parents have a constitutionally protected liberty interest in rearing their children without government interference. To protect this liberty interest, courts must give appropriate weight in non-parent visitation proceedings to the parents' decision to deny visitation. *Walker*, 382 S.W.3d at 866.

In applying the relevant law, including *Troxel*, we held that "a fit parent is presumed to act in the best interest of the child." *Id.* In rebutting this presumption, "the grandparent must show by clear and convincing evidence that visitation is in the child's best interest." *Id.* at 873.

We also stated that "[a] trial court *can* look at several factors to determine whether visitation is clearly in the child's best interest." *Id.* at 871. (Emphasis added). Those factors are:

1) the nature and stability of the relationship between the child and the grandparent seeking visitation;
2) the amount of time the grandparent and child spent together;
3) the potential detriments and benefits to the child from granting visitation;
4) the effect granting visitation would have on the child's relationship with the parents;
5) the physical and emotional health of all the adults involved, parents and grandparents alike;
6) the stability of the child's living and schooling arrangements; and
7) the wishes and preferences of the child.

\*\*\*\*

8) the motivation of the adults participating in the grandparent visitation proceedings.

3

## *Legal Standard*

The Massies raise two primary issues on appeal. First, they argue that the Court of Appeals erroneously applied a legal standard that was less stringent than the clear and convincing standard articulated in *Walker.* In reversing the trial court, the Court of Appeals stated the following:

> And because we find that an uncle and an aunt by marriage do not automatically acquire the same fundamental liberty interest as parents simply by receiving custody of a child, the same Due Process Clause protections are not required. As such, the trial court erred in applying the heightened clear and convincing evidence standard of *Walker.*

It is noteworthy that the trial court's order does not appear to have applied the clear and convincing standard. The words "clear and convincing" do not appear anywhere in the order. In any event, we need not address the merits of this purely legal issue because Deborah has failed to preserve this argument before the trial court. It is clear that this case was briefed and argued by the parties under the *Walker* "clear and convincing" standard. Deborah did not challenge that standard at the trial court level.

However, Deborah argues that we should suspend our traditional rules of preservation here. In support, she cites *Mitchell, M.D. v. Hall,* 816 S.W.2d 183 (Ky. 1991). In *Hall,* we stated that "[w]hen the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law." *Id.* at 185. Unlike *Hall,* there are no facts in the present case that we must address in order to avoid a

4

misleading application of law. In contrast, the unpreserved issue here is purely legal, not factual.

Lastly, Deborah requests palpable error review of this issue. CR 61.02. Although she has not expanded that argument, it is clear that there is no palpable error here. Simply put, "we will not find palpable error . . . when the trial court was given no opportunity to err." *Norton Healthcare, Inc., v. Deng,* —S.W. 3d—, No. 2013-SC-000526-DG, 2016 WL 962600, at *5 (Ky. Feb. 18, 2016) (finding no palpable error where unpreserved issue was first invoked sua sponte by the Court of Appeals); *see also Doane v. Gordon,* 421 S.W.3d 407 (Ky. App. 2014) (affirming the trial court's application of *Walker* in a grandparent visitation case involving a nonparent).

### The Walker Factors

The Massies' second argument on appeal is that the trial court properly considered the *Walker* factors and that the Court of Appeals erred by reversing the trial court's order. In contrast, Deborah argues that the trial court only considered the amount of time that she and Ian spent together. She also asserts that the trial court applied an erroneous legal standard that focuses on whether the denial of grandparent visitation rights will harm the child. *See Scott v. Scott,* 80 S.W.3d 447 (Ky. App. 2002) (overruled by *Vibbert v. Vibbert,* 144 S.W.3d 292 (Ky. App. 2004)). The trial court's order provides in pertinent part as follows:

> [T]he court must be satisfied from the evidence that the grandparent has been so involved in the child's life that to not grant the visitation would somehow be *harmful to the child and not*

5

*in the child's best interest.* The evidence before this court is that [Deborah] has had a limited involvement with [Ian], having only been involved with him shortly after birth and then having sporadic visitation with him over a period of months which ended approximately one and one-half to two years ago. Prior to that, there had been a three year period of time that she had not seen him at all. (Emphasis added).

****

[T]he court finds that [Deborah] has not been such an integral part of Ian's life so as to deprive Ian from seeing her would somehow be *detrimental to him.* (Emphasis added).

We agree with Deborah that the court discussed the potential "harm" or "detriment" to Ian. However, we held in *Walker* that "implicit in the [*Walker*] factors is the prior *Scott* harm standard." *Walker*, 382 S.W.3d at 872. Therefore, although *Scott* has been overruled, there was no error in addressing potential harm factor here.

Furthermore, we do not agree that the trial court erroneously contained its analysis to the amount of time Deborah and Ian spent together. The court also considered Larry Massie's primary concern that Deborah was seeking to reintroduce Ian to his biological mother. Although the court's reasoning here is unclear from its order, Larry Massie testified that he was concerned that Ian's mother had a history of drug use. It appears this is the pivotal reason that Larry objects to Deborah's visitation with Ian—certainly a valid best interest of the child consideration by the trial court.

We have also considered Deborah's arguments that echo the Court of Appeals' majority opinion, wherein the court criticized the trial court for not addressing Deborah's oral motion requesting an interview with Ian. The Court

6

of Appeals also took issue with the fact that the trial court did not address visitation between Ian and his older half-sister, who was being raised by Deborah and her husband. Lastly, the Court of Appeals instructed the trial court to consider Ian's testimony, other expert testimony, and mental evaluations when addressing this case on remand.

Contrary to Deborah's arguments here and the Court of Appeals' reasoning, Deborah has failed to directly challenge any evidentiary rulings by the trial court. Therefore, the Court of Appeals erred by directing the trial court to consider additional evidence that has not been properly preserved. Moreover, the facts of each case dictate which *Walker* factors are most relevant and possibly dispositive. In other words, all eight *Walker* factors need not be considered when determining whether grandparent visitation is clearly in the child's best interest. Although the trial court's order denying Deborah visitation was brief, it is clear that the court considered several relevant factors in reaching its decision. The record also indicates that the court considered Deborah's extensive testimony wherein she voiced her concerns and motivation for seeking visitation. Therefore, we cannot say that the trial court's factual findings were clearly erroneous or that its application of those facts to the relevant law was error.

### Conclusion

For the foregoing reasons, we hereby reverse the Court of Appeals and reinstate the order of Greenup County Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Amy Rollins Craft

APPELLEE:

Deborah Navy