RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1046-MR

DAVID D. ROBERSON APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 18-CI-00391

MARGARET JACKO APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE: David D. Roberson (Father) appeals the Warren Family Court's

March 31, 2020, Findings of Fact, Conclusions of Law, and Judgment granting

visitation rights to Margaret Jacko (Grandmother). Father argues the family court

erred by concluding Grandmother satisfied her burden to overcome Father's best

interest presumption and giving her visitation rights. Finding no error, we affirm.

# BACKGROUND

When Elaina Jacko (Mother) was eighteen years old, she gave birth to Father's child, who is the focus of this action. The two never married and lived in separate homes. Mother resided with her mother, Grandmother.

For the first seven months of the child's life, Grandmother assisted in childcare activities while Mother was away for work or social events. The family was very close and tight-knit. After completing work, Father frequently visited the child at Grandmother's home, but had only one overnight stay with the child during that time.

On November 25, 2017, when the child was seven months old, Mother died from an automobile accident. Grandmother was at home with the child when Father called to inform her of Mother's accident. Father told Grandmother he would care for the child while she tended to funeral arrangements. In the following weeks, she visited with the child on a few occasions. In January, Father decided to prohibit the child's further visits with Grandmother. He never expressly informed Grandmother, choosing instead to ignore her pleas to visit. This lasted for months. According to Father, this decision was due to Grandmother's negative social media posts and text messages critical of him, a disagreement between Father's mother and Grandmother over a nickname for the child, and allegations of Father's marijuana use.

On March 9, 2018, Grandmother filed an action for grandparent visitation. The family court held a hearing and determined Grandmother should be entitled to visitation. This appeal followed.

## STANDARD OF REVIEW

We review a court's findings of fact under the clearly erroneous standard and will only reverse if the findings are not supported by substantial evidence. CR[1] 52.01; *Black Motor Co. v. Greene*, 385 S.W.2d 954, 956 (Ky. 1964). We review the court's legal conclusions *de novo*. *Nash v. Campbell Cty. Fiscal Ct.*, 345 S.W.3d 811, 816 (Ky. 2011).

## ANALYSIS[2]

"The Circuit Court may grant reasonable visitation rights to . . . grandparents of a child . . . if it determines that it is in the best interest of the child to do so." KRS 405.021(1)(a). The statute is applied in the context of federal constitutional and state procedural guidelines.

In *Troxel v. Granville*, the Supreme Court of the United States held the Due Process Clause requires a presumption that a fit parent's decision to deny

---

[1] Kentucky Rules of Civil Procedure.

[2] On September 24, 2020, the Supreme Court of Kentucky determined that certain sections of the statute governing grandparents' rights were unconstitutional. *See Pinto v. Robison*, 607 S.W.3d 669 (Ky. 2020) (finding Kentucky Revised Statutes (KRS) 405.021(1)(b) and (c) unconstitutional). This case and our review are unaffected by those sections held unconstitutional.

visitation, even to a grandparent, is in the best interest of his child. 530 U.S. 57, 68, 120 S. Ct. 2054, 2061, 147 L. Ed. 2d 49 (2000). The Kentucky Supreme Court later held as follows:

> In accordance with *Troxel*, we hold that a fit parent is presumed to act in the best interest of the child. A grandparent petitioning for child visitation contrary to the wishes of the child's parent can overcome this presumption of validity only with clear and convincing evidence that granting visitation to the grandparent is in the child's best interest.

*Walker v. Blair*, 382 S.W.3d 862, 866 (Ky. 2012).

In addition to the heightened standard of proof, our Supreme Court adopted this Court's modified best interest standard for statutory grandparent visitation that requires trial courts to:

> consider a broad array of factors in determining whether the visitation is in the child's best interest, including but not limited to: the nature and stability of the relationship between the child and the grandparent seeking visitation; the amount of time spent together; the potential detriments and benefits to the child from granting visitation; the effect granting visitation would have on the child's relationship with the parents; the physical and emotional health of all the adults involved, parents and grandparents alike; the stability of the child's living and schooling arrangements; [and] the wishes and preferences of the child.

*Id.* at 869 (quoting *Vibbert v. Vibbert*, 144 S.W.3d 292, 295 (Ky. App. 2004)). To this nonexclusive list of considerations, the Supreme Court added "the motivation

of the adults participating in the grandparent visitation proceedings." *Walker*, 382 S.W.3d at 871.

Father argues the family court committed error when it found Grandmother succeeded in satisfying the modified best interest standard by clear and convincing evidence. We disagree.

Unquestionably, the circuit court's 23-page order addresses all the relevant evidence bearing on the question before adhering to and applying the guidance of *Troxel*, *Walker*, and *Vibbert* in determining visitation under KRS 405.021. Father directs this Court to no legal error in the proceedings or in the order itself. We cannot reverse the circuit court for legal error.

Father argues, however, that the evidence lacks sufficient weight to carry the burden of clear and convincing proof. This Court cannot re-weigh evidence or judge the credibility of witnesses. We must follow the well-settled rule that when conflicting evidence is presented in an evidentiary hearing conducted without a jury, our review proceeds pursuant to CR 52.01. That rule specifically provides that in such actions, the circuit court has the sole authority to judge the credibility of witnesses. Furthermore, "[r]egardless of conflicting evidence . . . 'due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses' because judging the credibility of witnesses and

weighing evidence are tasks within the exclusive province of the trial court."

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (quoting CR 52.01).

We find no legal error and no basis upon which to conclude the circuit court improperly assayed the evidence for clear and convincing proof, or that the court misapplied the appropriate considerations to that evidence.

## **CONCLUSION**

For the foregoing reasons, the Warren Circuit Court's March 31, 2020, Findings of Fact, Conclusions of Law, and Judgment Awarding Grandparent Visitation is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Steven O. Thornton
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Ryan C. Reed
Bowling Green, Kentucky