RENDERED:  APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0193-MR

LARRY SWEATT                                                                                APPELLANT

v.
APPEAL FROM LINCOLN FAMILY COURT
HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 21-CI-00277

CRYSTAL POLK                                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, GOODWINE, AND JONES, JUDGES.

CETRULO, JUDGE:  This is an appeal from a decision of the Lincoln Family

Court denying grandparent visitation to appellant Larry Sweatt ("Grandfather").

Finding that the family court properly considered the applicable factors under

*Walker v. Blair*, 382 S.W.3d 862 (Ky. 2012), we affirm.

## PROCEDURAL HISTORY

A.S., a minor child ("Child"), was born to Clayton Sweatt ("Dad") and Appellee Crystal Polk ("Mom") on July 4, 2018. Sadly, Dad died in 2021 at 22 years of age. Prior to his death, Dad, Mom, and Child lived for a time with Grandfather. The evidence indicated that the grandparents regularly babysat and visited Child after Mom and Dad moved.

However, after Dad's death, Grandfather's wife also passed away, and Mom and Grandfather became estranged. Mom moved to Lincoln County, and Grandfather filed the first petition in this case. The petition sought sole custody of Child and alleged that Grandfather was a de facto custodian of Child under Kentucky Revised Statute ("KRS") 403.270. He further alleged that Mom abused alcohol and drugs. This petition was filed in Nelson County, where Mom and Child had previously resided. However, because such actions must be filed where the child presently resides, the Nelson Family Court transferred the case to Lincoln County.

There, Grandfather filed an amended petition seeking reasonable grandparent visitation pursuant to KRS 405.021. Mom objected, and the matter proceeded to a hearing on September 12, 2022. After hearing the evidence, the family court entered findings of fact, conclusions of law, and a judgment,

-2-

concluding that Grandfather had failed to meet his burden under *Walker v. Blair*. This appeal followed.

## STANDARD OF REVIEW

We review the family court's findings of fact applying the clearly erroneous standard. *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986) (citing Kentucky Rule of Civil Procedure 52.01). "A finding of fact is clearly erroneous if it is not supported by substantial evidence." *Sewell v. Sweet*, 637 S.W.3d 330, 334 (Ky. App. 2021) (citing *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003)). Substantial evidence is that which, "when taken alone or in light of all the evidence . . . has sufficient probative value to induce conviction in the mind of a reasonable person." *Id.* (citation omitted). Under such standard, we give due regard to the opportunity of the family court to judge the credibility of the witnesses. *Reichle*, 719 S.W.2d at 444 (citation omitted).

However, "the interpretation of KRS 405.021(1) . . . and the application of the appropriate standard to the facts are issues of law that we review *de novo*." *Walker*, 382 S.W.3d at 867 (citation omitted).

## ANALYSIS

These cases are difficult in that the relationship between a child and a grandparent can be one of the most nurturing and valued of all familial relationships. However, when that relationship is not welcomed or supported by a

parent, KRS 405.021 sets out the process by which a grandparent can seek

visitation:

> (1) (a) The [Family] Court may grant reasonable visitation rights to either the paternal or maternal grandparents of a child and issue any necessary orders to enforce the decree if it determines that it is in the best interest of the child to do so. Once a grandparent has been granted visitation rights under this subsection, those rights shall not be adversely affected by the termination of parental rights belonging to the grandparent's son or daughter, who is the father or mother of the child visited by the grandparent, unless the [Family] Court determines that it is in the best interest of the child to do so.
>
> (b) If the parent of the child who is the son or daughter of the grandparent is deceased, there shall be a rebuttable presumption that visitation with the grandparent is in the best interest of the child if the grandparent can prove a pre-existing significant and viable relationship with the child.[1]
>
> (c) In order to prove a significant and viable relationship under paragraph (b) of this subsection, the grandparent shall prove by a preponderance of the evidence that:
>
>> 1. The child resided with the grandparent for at least six (6) consecutive months with or without the current custodian present;

---

[1] In 2020, our Supreme Court held that Section 1(b) of the grandparent visitation statute establishing the rebuttable presumption in favor of grandparent visitation violated due process. *Pinto v. Robison*, 607 S.W.3d 669 (Ky. 2020). "This opinion should not be read to hold that all grandparent visitation statutes are unconstitutional. In fact, we are leaving intact KRS 405.021(1)(a) and KRS 405.021(3) as potential avenues for a [family] court to grant grandparent visitation so long as the trial court complies with *Walker* in applying those subsections of the statute." *Id.* at 677.

2. The grandparent was the caregiver of the child on a regular basis for at least six (6) consecutive months;

3. The grandparent had frequent or regular contact with the child for at least twelve (12) consecutive months; or

4. There exist any other facts that establish that the loss of the relationship between the grandparent and the child is likely to harm the child.

In *Walker*, our Supreme Court, (based on the United States Supreme Court decision in *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000)), explained that "[t]he constitutional presumption that a fit parent acts in the child's best interest is the starting point for a trial court's analysis under KRS 405.021(1)." *Walker*, 382 S.W.3d at 870-71.

The Court in *Walker* went on to provide guidance to the bench and bar by suggesting several factors that could be considered to determine whether visitation is clearly in the child's best interest, including:

1) the nature and stability of the relationship between the child and the grandparent seeking visitation;

2) the amount of time the grandparent and child spent together;

3) the potential detriments and benefits to the child from granting visitation;

4) the effect granting visitation would have on the child's relationship with the parents;

> 5) the physical and emotional health of all the adults involved, parents and grandparents alike;
>
> 6) the stability of the child's living and schooling arrangements; and
>
> 7) the wishes and preferences of the child.
>
> To this list, we add:
>
> 8) the motivation of the adults participating in the grandparent visitation proceedings.

*Id.* at 871 (citing *Vibbert v. Vibbert*, 144 S.W.3d 292, 295 (Ky. App. 2004)).

Our Supreme Court has made it clear that the trial court must begin with a presumption of fitness of the parent. *Id.* Then, the trial court should turn to the above factors "to decide whether the fit parent is clearly mistaken in the belief that grandparent visitation is not in the child's best interest." *Id.* The family court in this case correctly identified this standard in its judgment.

Although the brief is unclear, it seems that Grandfather is arguing that the family court's factual findings were incorrect. For instance, he asserts that the family court incorrectly referred to Dad and Mom as married, when they were not. However, upon review of the record, we do not find that to have been an issue in the family court's decision. Additionally, Grandfather argues that he did not have any animosity toward Mom, and yet the trial court found that granting visitation could have a negative impact on Child's relationship with Mom. Again, from our review of the record, it was clear that the relationship was at least strained. Indeed,

most of the evidence at the hearing focused on the animosity between Grandfather (and his family) and Mom. There was testimony regarding an argument at Dad's funeral. There was evidence of an altercation between family members on both sides. The family court questioned Mom as to whether this could be worked out between them, to no avail.

Turning then to the best interest factors that the family court considered in this case, we note that there were differing accounts as to the extent of Grandfather's relationship with Child. It was uncontested that Child lived in Grandfather's home with his parents shortly after his birth. However, it was contested as to how frequently Grandfather saw Child in the last year or two. The family court noted that neither the physical health of the adults nor Child's living arrangements were barriers for visitation, but that Child's tender age precluded consideration of Child's wishes.

While Grandfather's petition suggested that there were previous concerns regarding Mom's substance abuse, Grandfather presented no evidence supporting that allegation. The initial petition, as mentioned, sought custody of Child and alleged that Mom was unfit. However, having reviewed the record below, it is clear that the trial court presumed Mom was fit and Grandfather presented no evidence to rebut that presumption. *See Walker*, 382 S.W.3d at 871.

As was also true in *Walker*, one of the parents is now deceased. While a relationship with a child's deceased parent's family could be beneficial, Kentucky courts cannot presume that grandparents and grandchildren will always benefit from contact with each other. *Walker*, 382 S.W.3d at 872. Evidence that a grandparent spent time with the child cannot, alone, overcome the presumption that the parent is acting in the child's best interest in denying visitation. *Id.*

As we have said before, every case is certainly different, and *Walker* recognizes the fact-intensive nature of ruling on requests for grandparent visitation. *Id.* at 871. Because "the facts of each case dictate which *Walker* factors are most relevant and possibly dispositive . . . all eight *Walker* factors need not be considered[.]" *Massie v. Navy*, 487 S.W.3d 443, 447 (Ky. 2016). Here, the family court made findings of fact and considered or addressed the applicable factors as set forth above. The family court has great discretion in such cases to judge the credibility of the witnesses. *Reichle*, 719 S.W.2d at 444 (citation omitted). Whether we would have made the same findings and regardless of conflicting evidence, we cannot disturb factual findings supported by substantial evidence as we must give due regard to the family court's assessment of the weight of the evidence and the credibility of witnesses. *Jones v. Jones*, 617 S.W.3d 418, 424-25 (Ky. App. 2021) (citation omitted).

At the end of the day, in accordance with our statute and caselaw, a grandparent must convince the family court that a fit parent is mistaken in her belief that the child's best interests are served by denying that child time with the grandparent. Here, Grandfather simply failed to convince the family court of that heavy burden.

For the foregoing reasons, we find that the Lincoln Family Court's factual findings were supported by substantial evidence and application of those facts to the *Walker* factors supported the conclusion that grandparent visitation was not in Child's best interest; therefore, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jude A. Hagan
Lebanon, Kentucky

.

BRIEF FOR APPELLEE:

Theodore H. Lavit
Cameron C. Griffith
Lebanon, Kentucky