RENDERED: MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1426-MR

SAMUEL DAVID MULLINS                                                        APPELLANT


v.                          APPEAL FROM PERRY CIRCUIT COURT
                            HONORABLE ALISON C. WELLS, JUDGE
                            ACTION NO. 10-CI-00651


JOHANNA S. MULLINS (NAPIER)[1]                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Samuel David Mullins brings this appeal from a November 1, 2023, Order and Arrearage Judgment of the Perry Circuit Court awarding Johanna S. Mullins (Napier) a judgment in the amount of $11,396 for back child support owed.  We affirm.

---

[1] The petition filed in 2010 reflects that appellee's first name is spelled "Johnna."  However, the judgment and Notice of Appeal reflect that her name is spelled "Johanna."  For this Opinion, we have used the spelling set out in the Notice of Appeal.

## Background

Samuel and Johanna were married on May 23, 2003. Two children were born of the parties' marriage, one in 2005 and one in 2008. The parties' marriage was dissolved by Decree of Dissolution of Marriage entered in the Perry Circuit Court on June 21, 2011. The parties were awarded joint custody. Johanna was named the primary residential parent, and Samuel was to pay child support of $269.82 per month. Child support was subsequently amended and by order entered August 17, 2012, child support was set at $469.79 per month, plus an additional $20 per month toward Samuel's arrearage owed at that time.

Particularly relevant to this appeal, on August 18, 2023, Johanna, acting *pro se*, filed a post-decree motion that read, in part:

> [T]o have Samuel David Mullins pay back child support. Samuel David Mullins did not pay any child support for the months [of] December 2019 through February 2023. I would like for him to be ordered to pay the amount of child support he has neglected to pay over this period of time. I want for this to be heard on August 28th at 9:30 a.m.

Record at 57.

The motion was originally set for a hearing before the Perry Circuit Court's Domestic Relations Commissioner (DRC) on August 28, 2023.[2] However,

---

[2] Perry County does not have a family court. Accordingly, the circuit court hears all divorce actions, including post-decree motions. However, in accordance with Family Court Rules of Procedure and Practice Rule 4, the Perry Circuit Court has appointed a Domestic Relations

on August 28, 2023, counsel for Samuel appeared and requested a continuance. A continuance was granted, and the matter was set for a hearing on September 18, 2023. On September 18, 2023, Samuel's counsel appeared and moved for a second continuance. The DRC did not grant the second continuance and proceeded with the hearing. Counsel for Samuel was present at the hearing, and Johanna proceeded *pro se*.

Following the hearing, the DRC found that Samuel had not paid child support during the period of December of 2019 through January of 2023.[3] The DRC set the arrearage amount at $11,396. The DRC's recommendation was sent to the circuit court on October 19, 2023. Samuel did not object to the recommended judgment within the ten-day time period provided for in the Family Court Rules of Procedure and Practice (FCRPP) Rule 4 (4)(a). On November 1, 2023, an Order and Arrearage Judgement was entered in the Perry Circuit Court awarding Johanna a judgment for child support arrearages against Samuel in the amount of $11,396.[4] This appeal follows.

---

Commissioner (DRC) to hear all contested domestic relations matters. Upon hearing contested matters, the DRC files a report and a recommendation to the circuit judge, which occurred in this case.

[3] This finding was set out in both parties' briefs.

[4] This Court is puzzled why Samuel David Mullins has not been charged with flagrant nonsupport per Kentucky Revised Statutes (KRS) 530.050(2)(a). Additionally, the Court notes that Judge Alison C. Wells signed the order on appeal. Upon our review of the record below, Alison C. Wells entered an appearance in this case as attorney representing Johanna S. Mullins

## Preliminary Matters

To begin, upon review of both parties' briefs filed in this appeal, neither party has complied with the Kentucky Rules of Appellate Procedure (RAP). Samuel failed to provide references to the specific location in the record which supports each of the statements set out in the statement of the case. RAP 32(A)(3). In Samuel's argument, he makes no reference to the record whatsoever, including where and how the issues raised on appeal were properly preserved below for appellate review. RAP 32(A)(4). As for Johanna, her brief has similar deficiencies in violation of RAP 32(B)(3) and (4).

Even more problematic for our review, the record on appeal before this Court does not contain the video record or a transcript from the DRC hearing. Apparently, Samuel did not designate the video recording or transcript as part of the record on appeal. It is appellant's duty under RAP 24(B)(1) to ensure that the record on appeal is sufficient for the appellate court to review the alleged errors. *See Smith v. Smith*, 450 S.W.3d 729, 731 (Ky. App. 2014). RAP 24(B)(1)(b) specifically requires that the video record be designated within the ten-day period

on July 13, 2012. She withdrew as Johanna's attorney by order entered October 24, 2012. Pursuant to KRS 26A.015(2) and Rule 2.11(A)(5) of Canon 2 of the Kentucky Code of Judicial Conduct (SCR 4.300), Judge Wells would be disqualified from presiding over this case absent the remittal or waiver of disqualification per Rule 2.11(C). However, neither party raised this issue below nor filed a motion for recusal. For purposes of this appeal, the necessity of Judge Wells's disqualification was waived by the parties. *See Commonwealth v. Carter*, 701 S.W.2d 409, 410-11 (Ky. 1985); *Bussell v. Commonwealth*, 882 S.W.2d 111, 112 (Ky. 1994).

-4-

as set out therein. It has long been the rule in appellate practice that when the complete record is not before the appellate court, we must assume that the omitted record supports the judgment rendered below, which in this case includes the DRC's recommendation that was accepted by the circuit court, and not objected to by Samuel. *Smith*, 450 S.W.3d at 732.

Additionally, any pleadings or exhibits that may have been filed with the DRC are not part of the record on appeal nor were they properly designated by either party. As concerns the continuance issue, there is no affidavit from Samuel or supporting documents from the DRC proceedings that support Samuel's arguments on appeal.

Frankly, this Court could strike both briefs and dismiss the appeal. RAP 10(B); RAP 31(H); *see also Commonwealth v. Roth*, 567 S.W.3d 591, 594-96 (Ky. 2019); *Hamburger v. Plemmons*, 654 S.W.3d 99, 101-02 (Ky. App. 2022). However, this is a review of a post-decree motion and judgment. Given there are very few docket entries in the record on appeal relative to this appeal, we have elected at our discretion to consider the appeal based upon the record presented on appeal. However, we warn both parties and counsel that this Court may not be so lenient in the future.

## Continuance Issue

Samuel's first argument on appeal is that the DRC erred by not granting a second continuance of the DRC hearing which was conducted on September 18, 2023. However, as noted, Samuel did not object to the DRC's recommended judgment within the ten-day time period provided for in FCRPP 4(4)(a). Under the rule, if written objections are filed within 10 days, the court, upon conducting a hearing on the objections, may adopt, modify, or reject the recommendations in whole or in part. *Id.* FCRPP 4(4)(b) provides that the court shall sign a recommended post-decree order within 10 days after the time for filing an objection has run if none has been filed. This is precisely what occurred in this case.

In *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016), the Kentucky Supreme Court expressly held that "an appellate court is 'without authority to review issues not raised in or decided by the trial court.'" *Id.* (quoting *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009)).

The Court went on to state in *Norton Healthcare* that "there can be no error when the issue has not been presented to the trial court for decision." *Norton Healthcare*, 487 S.W.3d at 852. The Court further stated that "we will not find palpable error in this instance when the trial court was given no opportunity to err." *Id.* at 853; *see also Massie v. Navy*, 487 S.W.3d 443, 446 (Ky. 2016).

In this case, the circuit court was given no opportunity to consider the alleged error by the DRC regarding the continuance of the hearing as no objection or exception to the DRC's recommendation was filed. Additionally, Samuel has not requested palpable error review by this Court. Even if we were willing to consider palpable error review under Kentucky Rules of Civil Procedure (CR) 61.02, the Supreme Court has specifically held that no such error can be allowed where the circuit court was not given the opportunity to commit error. *Norton Healthcare*, 487 S.W.3d at 852. Regardless, Samuel has cited nothing from the meager record on appeal to support any claim that he has suffered manifest injustice as a result of the circuit court's Order and Arrearage Judgment.

### Records Relied Upon by Johanna at DRC Hearing

Samuel also argues on appeal that the DRC erred by not allowing counsel to review the documents relied upon by Johanna at the DRC hearing. More specifically, counsel for Samuel claims he was not provided the opportunity to review the bank records Johanna relied upon when testifying about Samuel's child support arrearage at the hearing.

As previously discussed regarding compliance with RAP rules, counsel for Samuel failed to properly preserve this argument for appellate review. RAP 32(A)(4). Counsel claims that the issue was preserved by moving the DRC to provide him a copy of the bank records Johanna relied upon in her testimony.

However, counsel does not cite to the recording of the hearing to demonstrate that such request was made or if a timely objection was made to her testimony. Furthermore, counsel failed to include any documentation or exhibits in the record on appeal to support this argument. *See* Kentucky Rules of Evidence 103. And, as noted, counsel failed to designate the recording of the hearing or a transcript thereof for inclusion in the record on appeal. RAP 24(B). Finally, like the continuance issue, any alleged error by the DRC was not timely presented to the circuit court for consideration. Accordingly, we decline to address this issue on appeal.

Notwithstanding, we note that it is well established that "'[e]ach installment of child support becomes a lump sum judgment, unchangeable by the trial court when it becomes due and is unpaid.'" *Raymer v. Raymer*, 752 S.W.2d 313, 314 (Ky. App. 1988) (quoting *Stewart v. Raikes*, 627 S.W.2d 586, 589 (Ky. 1982)). In *Raymer*, this Court held that satisfaction and payment of child support are both affirmative defenses under CR 8.03, and pointed out that "'[t]he party holding the affirmative of an issue must produce the evidence to prove it.'" *Raymer*, 752 S.W.2d at 314 (quoting CR 43.01). In *Gibson v. Gibson*, 211 S.W.3d 601 (Ky. App. 2006), this Court addressed this exact issue as follows:

> Once the validity of an order setting child support is established, the non-custodial parent bears the burden of proving that he satisfied the obligation and owes no arrearage.

*Id.* at 611 (footnote omitted).

Thus, once the child support obligee establishes the validity of a decree or order setting child support, the obligor parent carries the burden of proof "that he satisfied the [child support] obligation and owes no arrearage." *Id.* at 611. In other words, Samuel, not Johanna, had the burden of proof at the DRC hearing on this matter to establish that he had paid his child support obligation to Johanna under the terms set out in the decree of dissolution and subsequent orders of the court. *Sallee v. Sallee*, 468 S.W.3d 356, 358 (Ky. App. 2015). Samuel presented absolutely no evidence to prove that the child support arrearage had been paid nor is there a shred of evidence in this record on appeal to satisfy Samuel's burden to establish he owed no arrearage or that it was less than what was testified to by Johanna.

## **Conclusion**

For the foregoing reasons, the November 1, 2023, order of the Perry Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeremy R. Morgan
Hazard, Kentucky

BRIEF FOR APPELLEE:

John Hansen
Hazard, Kentucky